# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID R. DAMANTE,

    *Plaintiff*,

vs.

CCA , *et al.*,

    *Defendants*.

2:13-cv-02161-KJD-NJK

ORDER

This civil rights action by a federal pretrial detainee comes before the Court for initial review.

Plaintiff failed to properly commence this action by submitting an application to proceed *in forma pauperis* on the required form. Under Local Rule LSR 1-1, a person seeking pauper status must file an application on the Court's required form, with both a financial certificate by an authorized officer and a statement of his inmate account for the prior six months. Plaintiff neither paid the filing fee nor filed a pauper application.

The Court therefore will dismiss this improperly-commenced action without prejudice. It does not appear that a dismissal without prejudice will materially impact the analysis of any statute of limitations issue or other issues in a promptly filed and properly commenced new action or otherwise result in substantial prejudice.[1]

---

[1] In this regard, the complaint alleges circumstances occurring on or after February 17, 2013, and a *Bivens* civil rights action arising within Nevada is subject to a two-year limitations period. *See, e.g., Castle v. Speese*, 2011 WL 2531057 (9th Cir. June 27, 2011)(unpublished disposition).

(continued...)

1     IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice
2 to the filing of a new properly commenced action under a new docket number with either the
3 required filing fee or a properly completed application to proceed *in forma pauperis*. The
4 Clerk of Court shall SEND plaintiff two copies each of a pauper form for a prisoner and a civil
5 rights complaint form, along with the instructions for the forms and a copy of all papers that
6 he submitted.

7     The Clerk shall enter final judgment accordingly, dismissing this action without
8 prejudice.

9     DATED: November 22, 2013

_____
KENT J. DAWSON
United States District Judge

---

[1](...continued)
Plaintiff David Damante, who has been charged in No. 2:11-cr-00064-APG-CWH with, *inter alia*, wire fraud from an alleged multi-million dollar investment fraud scheme, alleges in this action that he may die from a blood clot from a knee injury if he is not released to a halfway house or home confinement so that he may seek private medical care. Damante, through counsel, filed an emergency motion in the criminal case to be released to a halfway house or home confinement on September 12, 2013. In that motion, he urged that such release was necessary so that he could assist in trial preparation. No mention was made in the written motion of any need for such release due to an alleged emergency medical condition arising from plaintiff's alleged February 17, 2013, knee injury. The Magistrate Judge denied the motion following a hearing on September 18, 2013. Plaintiff further alleges that a deputy marshal lied in alleged testimony regarding his pretrial detention in an alleged May proceeding.

To the extent that plaintiff seeks relief from the Magistrate Judge's denial of essentially the same relief that he now seeks in the present action, he would have to seek review of the Magistrate Judge's order in that action. To any extent that, *arguendo*, plaintiff has a medical condition that has arisen since September 18, 2013, he is not without the ability to seek relief in the pending criminal proceeding with regard to the circumstances of his pretrial detention. The Court notes that plaintiff has been appointed substitute counsel subsequent to September 18, 2013, and the criminal matter currently is scheduled for a change of plea hearing before the presiding District Judge on November 27, 2013. A dismissal of the present improperly commenced civil rights action without prejudice does not in any manner prevent Damante from seeking, through counsel, any relief allegedly necessary regarding his detention in the pending criminal proceeding.

Plaintiff at all times remains responsible for calculating the applicable limitations period and properly and timely commencing an action for appropriate relief. Nothing in this order directs, grants permission, or advises plaintiff to file any particular proceeding. Nor does this order hold by implication or otherwise that plaintiff presents a viable claim that currently is cognizable in a federal civil rights action. The present improperly-commenced action simply is being dismissed without prejudice to the filing of a new action.